**Opinion filed September 11, 2014**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-14-00075-CR

_____

## BRIAN ALLEN OLIVAS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 358th District Court**

**Ector County, Texas**

**Trial Court Cause No. D-41,278**

## M E M O R A N D U M   O P I N I O N

Brian Allen Olivas appeals from the trial court's revocation of his community supervision. We modify and dismiss.

Appellant pleaded guilty in August 2013 to the offense of assault – family violence. In accordance with a plea agreement, the trial court convicted Appellant of the offense and assessed Appellant's punishment at confinement for eight years and a fine of $500. The trial court suspended the imposition of the confinement portion of the sentence, and it placed Appellant on community supervision for a

term of eight years. The trial court also ordered Appellant to pay court-appointed attorney's fees in the amount of $500.

In January 2014, the State filed a motion to revoke Appellant's community supervision. The State alleged that Appellant had committed seven violations of the terms and conditions of his community supervision. At a hearing, Appellant pleaded "not true" to the allegations. The State presented evidence that supported its allegations. After receiving the evidence, the trial court found all the allegations in the motion to revoke to be true, revoked Appellant's community supervision, and assessed Appellant's punishment at confinement for eight years and a fine of $500. The trial court also ordered Appellant to pay court-appointed attorney's fees of $1,100.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and states that he has concluded that the appeal is frivolous. Counsel has provided Appellant with a copy of the brief and advised Appellant of his right to review the record and file a response to counsel's brief. Appellant has filed a response. In the response, Appellant requests that we dismiss his appeal. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record. Based on our review, we conclude that no reversible error exists in the record and that, except for an issue related to court-appointed attorney's fees, the appeal is frivolous and without merit. *See Schulman*,

252 S.W.3d at 409. We note that proof of one violation of the terms and conditions of community supervision is sufficient to support a revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009); *McDonald v. State*, 608 S.W.2d 192, 200 (Tex. Crim. App. 1980); *Jones v. State*, 571 S.W.2d 191, 193–94 (Tex. Crim. App. 1978).

The trial court's judgment revoking Appellant's community supervision provides as follows: "Furthermore, the following special findings or orders apply: $1,100.00 ATTORNEY FEES." The record reflects that the trial court found that Appellant was indigent and appointed counsel to represent Appellant at the hearing on the State's motion to revoke. Thereafter, the trial court again found that Appellant was indigent and appointed counsel to represent Appellant on appeal. Court-appointed attorney's fees cannot be assessed against a defendant who has been determined to be indigent unless there is proof and a finding by the trial court that the defendant is no longer indigent. *Cates v. State*, 402 S.W.3d 250, 251–52 (Tex. Crim. App. 2013); *Mayer v. State*, 309 S.W.3d 552, 555–56 (Tex. Crim. App. 2010). In this case, the record contains no such proof or finding. Therefore, the trial court erred when it assessed $1,100 in court-appointed attorney's fees against Appellant. This error does not constitute reversible error, and the proper remedy is to modify the judgment to remove the improperly assessed fees. *Cates*, 402 S.W.3d at 252.

The trial court ordered Appellant to pay $500 in court-appointed attorney's fees in its August 5, 2013 judgment of conviction for the offense of assault – family violence. There was no appeal from that judgment. Accordingly, we modify the trial court's judgment revoking community supervision to change the amount of assessed attorney's fees from $1,100 to $500 as follows: "Furthermore, the following special findings or orders apply: $500.00 ATTORNEY FEES." Based on this modification, the appeal is now frivolous and should be dismissed.

We note that counsel has the responsibility to advise Appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The judgment is modified; the motion to withdraw is granted; and the appeal is dismissed.

PER CURIAM

September 11, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.